# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2828 | **DATE** | 4/23/2012 |
| **CASE TITLE** | USA vs. James Fedij (#41929-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant has failed to even make a *prima facie* showing that he is entitled to relief and the record clearly reflects that Defendant's counsel provided effective assistance during the sentencing phase of the proceedings. Therefore, the court dismisses the instant action and directs the Clerk of Court to notify Defendant of this dismissal. Defendant's motion for leave to proceed *in forma pauperis* [3] is denied as moot. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

 This matter is before the court on James Fedij's (Fedij) *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255). Fedij pled guilty in case number 10 CR 359 to Counts One, Two, and Three of the indictment, which each charged Fedij with bank robbery in violation of 18 U.S.C. § 2113(a). On May 19, 2011, Fedij was sentenced to 46 months imprisonment. Fedij now moves to have his sentence vacated pursuant to Section 2255.

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* The relief sought in a Section 2255 Motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving

party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

Fedij has filed a Section 2255 Motion indicating, in a conclusory fashion, that he believes he was denied effective assistance of counsel during the sentencing phase of the proceedings. Since Fedij is proceeding *pro se*, the court will liberally construe the Section 2255 Motion. *See, e.g., McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In order for a petitioner to show that his counsel was ineffective, the "petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense." *Johnson v. Thurmer*, 624 F.3d 786, 791 (7th Cir. 2010)(citing *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984)). There is a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Ward v. Jenkins*, 613 F.3d 692, 699 (7th Cir. 2010)(quoting *Strickland*, 466 U.S. at 689); *see also Johnson*, 624 F.3d at 791 (stating that there is an "assumption that [petitioner's] counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'" and "[t]o establish deficient performance in spite of that assumption, [the petitioner] must show that counsel's representation 'fell below an objective standard of reasonableness' based on prevailing norms of professional conduct")(quoting *Strickland*, 466 U.S. at 688-90). In order to establish prejudice by ineffective assistance of counsel, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Johnson*, 624 F.3d at 791 (quoting *Strickland*, 466 U.S. at 694).

In the pre-sentence investigation report (PSR), Fedij's total offense level was calculated to be 23 and his criminal history was calculated to be I, which was consistent with the anticipated total offense level and criminal history category agreed to by the parties in Plea Agreement. Neither Fedij's counsel nor the Government raised any objections to the calculations in the PSR. At sentencing, Fedij was asked whether he, himself, had any objections to the calculations in the PSR, and Fedij indicated at sentencing that he had no objections. The total offense level of 23 and criminal history category of I yielded an advisory guidelines range of 46 to 57 months of imprisonment.

The record reflects that Fedij's counsel filed a comprehensive sentencing memorandum on behalf of Fedij. In the sentencing memorandum, Fedij's counsel argued that the factors enumerated under 18 U.S.C. §

3553(a) favored a sentence significantly below the advisory guidelines range, and Fedij's counsel requested either home incarceration or a minimal sentence of incarceration. In support of his sentencing memorandum, Fedij's counsel provided the court a written statement of allocution by Fedij, a letter from Fedij's drug treatment counselor, and various letters written in support of Fedij. In addition, after the Government filed a sentencing memorandum requesting a sentence of incarceration within the applicable advisory guidelines range, Fedij's counsel also filed an extensive response to the Government's sentencing memorandum, addressing each of the Government's arguments and reiterating the reasons Fedij's counsel believed a below-guidelines sentence was warranted in Fedij's case. Further, Fedij's counsel made extensive oral arguments on behalf of his client at the sentencing hearing held on May 19, 2011. After hearing the arguments presented by the parties, the court sentenced Fedij to 46 months of imprisonment, which was at the bottom of the applicable advisory guidelines range. Based upon the record, Fedij's contention that he received ineffective assistance of counsel during the sentencing phase of the proceedings is without merit.

The court notes that in his Section 2255 Motion, Fedij requests additional time to file a brief in support of his motion. However, as discussed above, Fedij has failed to even make a *prima facie* showing that he is entitled to relief and the record clearly reflects that Fedij's counsel provided effective assistance during the sentencing phase of the proceedings. Therefore, the court dismisses the instant action and directs the Clerk of Court to notify Fedij of this dismissal. Fedij's motion for leave to proceed *in forma pauperis* is denied as moot.