Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2828 | **DATE** | 1/8/2013 |
| **CASE TITLE** | USA vs. James Fedij (#41929-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion to reconsider [7] is denied. Defendant's request for a certificate of appealability is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on James Fedij's (Fedij) *pro se* motion to reconsider. On April 23, 2012, the court denied Fedij's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 (Section 2255 Motion). In denying the Section 2255 Motion, the court found that Fedij's contention that he received ineffective assistance of counsel during the sentencing phase of the proceedings was without merit. In addition, the court noted that Fedij had requested additional time to file a brief in support of his Section 2255 Motion. However, since Fedij had failed to even make a *prima facie* showing that he was entitled to relief, and since the record clearly reflected that Fedij's counsel provided effective assistance during the sentencing phase of the proceedings, the court dismissed the instant action and directed the Clerk of Court to notify Fedij of this dismissal. Fedij now requests that the court reconsider the dismissal of the instant action or, alternatively, that the court issue a certificate of appealability.

Pursuant to Federal Rule of Civil Procedure 60(b) (Rule 60(b)),

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,

# STATEMENT

or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A court should grant a Rule 60(b) motion "only in exceptional circumstances" because "[r]elief under Rule 60(b) is an extraordinary remedy. . . ." *Id.* at 762 (internal quotations omitted)(quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)); *see also Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)(stating that "relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances'")(quoting in part *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)). Fedij has not shown that there are any exceptional circumstances to warrant granting his motion to reconsider. Further, although Fedij states that he never received notice of the court's April 23, 2012 order, even applying the standards of Federal Rule of Civil Procedure 59(e) (Rule 59(e)) to the motion, the motion is without merit. *See Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)(stating that "[t]o prevail on a Rule 59(e) motion to amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment")(citation omitted).

In addition, even if the court were to grant Fedij's motion to reconsider and reinstate the instant habeas action, the habeas action that Fedij filed related to his counsels' performance at sentencing, and the supplemental arguments Fedij has made relate to detention matters. The court lacks jurisdiction to consider such arguments. Fedij's arguments relate to the Bureau of Prison's (BOP) calculation of the time that Fedij has served in custody. Fedij argues that he should receive three-days credit from the BOP for time served in custody between May 1, 2012, the date of his arrest, and May 4, 2012, the date Fedij indicates that he was transferred into federal custody. Fedij also argues that he should receive 57 weeks credit from the BOP for the time that Fedij spent out on bond, from June 18, 2010 until July 25, 2011, because Fedij contends he was, in essence, under "house arrest." (DE 5, pg. 2). The Seventh Circuit has stated that "only the Attorney General of the United States, through the Bureau of Prisons, has authority to determine when to give a defendant credit against a sentence for time he has served." *United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994)(citations omitted). In addition, even if Fedij had filed a habeas action relating to his detention,

| STATEMENT |
|---|

Fedij has not shown that he has exhausted administrative remedies in regard to such claims. Based upon the above, Fedij's motion to reconsider is denied.

With respect to Fedij's request for a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), if a court denies a motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255, and the petitioner wishes to appeal the denial, the petitioner must first attempt to obtain a certificate of appealability from the district court. 28 U.S.C. § 2253(c); Rule 11(a) of the Rules Governing Section 2255 Proceedings; *Vitrano v. United* States, 643 F.3d 229, 232 (7th Cir. 2011)(indicating that proper procedure is to seek a certificate of appealabilty from the district court before seeking it from the appellate court). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). As discussed above, Fedij contended in his Section 2255 Motion that his trial counsel was ineffective during the sentencing phase of the proceedings, and later argued that the BOP should be ordered to credit him with certain time Fedij contends he served in custody. However, as indicated in the court's prior ruling and above, Fedij did not show that his trial counsel was ineffective, nor has Fedij shown that the court has jurisdiction with regard to his detention arguments. Fedij has not made a substantial showing of the denial of a constitutional right. Nor has Fedij shown that reasonable jurists could debate whether the Section 2255 Motion should have been resolved in a different manner or that the issues presented in the Section 2255 Motion deserve encouragement to proceed further on appeal. Therefore, the request for a certificate of appealability is denied.